## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC. ,<br><br>          Defendants. | Civil Action No.:<br><br><br>December 29, 2023 |

### <u>DEFENDANT'S NOTICE OF REMOVAL</u>

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:**

**PLEASE TAKE NOTICE** that Defendants Schmidt Baking Distribution, LLC and Schmidt Baking Company, Inc. ("Defendants"), contemporaneously with the filing of this Notice, hereby effect removal of the below referenced action from the Superior Court in the State of Connecticut for the County of Hartford to the United States District Court for the District of Connecticut.

This removal is based on 28 U.S.C. sections 1332, 1367, 1441, and 1446, and, specifically, on the following grounds:

### I.     PROCEDURAL BACKGROUND

1.     On November 21, 2023, Plaintiffs Nathaniel Silva and Phil Rothkugel ("Plaintiffs") filed a First Amended Complaint in the Superior Court of the State of Connecticut for the County of Hartford entitled: *Nathaniel Silva and Phil Rothkugel, on behalf of themselves and all others similarly situated v. Schmidt Baking Distribution, LLC and Schmidt Baking Company, Inc.,* Case

No. HHD-CV23-6175772-S (the "First Amended Complaint" or "FAC").[1]

2.      Plaintiff's Complaint alleges two causes of action: (1) Unlawful Deductions under Connecticut Wage Law and (2) Connecticut Overtime Violations. A true and correct copy of the entire state court file, including the Summons, Complaint, FAC, and JDNO Notice, is attached hereto to the Declaration of Joshua B. Waxman ("Waxman Decl.") as **Exhibit A**.

3.      Plaintiffs mailed Defendants a copy of the Summons and FAC, along with a copy of the original complaint, by priority mail, which was received by Defendants on November 30, 2023. This was the first service of the original complaint. Defendants are located in Maryland.

4.      Pursuant to 28 U.S.C. section 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

5.      Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings, and orders filed in this action.

## II.     REMOVAL PROCEDURE

### A.     Removal Is Timely Because This Notice And The Accompanying Pleadings Have Been Filed Within Thirty Days of Service

6.      This Notice of Removal is timely filed because it has been filed within thirty (30) days of service on Defendant of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended

---

[1] Both Plaintiffs are required to arbitrate the claims that are asserted in this lawsuit on an individual basis pursuant to the arbitration agreements contained in the Distribution Agreements that each executed as the President of their respective companies.  Accordingly, following this removal, Defendants will be filing a motion to compel arbitration.

by any formal service.").

**B.      Venue Is Proper In This District Pursuant To The Removal Statute And Diversity**

7.      Venue is proper in this Court pursuant to 28 U.S.C. section 1446 because this action was originally filed in Hartford County Superior Court, located within the District and Division of the Court. Venue of this action is also proper pursuant to 28 U.S.C. section 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a). Plaintiff Nathaniel Silva resides in Hartford County and the Plaintiffs allege that they worked in the surrounding areas of Connecticut. *See* Exhibit A, FAC ¶¶ 1, 9.

**III.      REMOVAL JURISDICTION**

8.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), in that the matter in controversy exceeds the sum or value of $75,000 for Plaintiff Silva, exclusive of interest and costs, and is between . . . (1) citizens of different states.  28 U.S.C. § 1332(a)(1).  As explained further below, once the Court has original jurisdiction over Plaintiff Silva's claim, it may exercise supplemental jurisdiction over Plaintiff Rothkugel's claim under 28 U.S.C. § 1367.

**A.      Diversity of Citizenship**

**1.      Plaintiff Nathaniel Silva is a Citizen of Connecticut**

9.      For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

10.      Plaintiff Nathaniel Silva ("Plaintiff Silva") is a resident and, therefore, a citizen, of Connecticut. *See* Exhibit A, FAC ¶ 1 ("Plaintiff Nathaniel Silva resides in Berlin, Connecticut.").

**2.      Plaintiff Phil Rothkugel is a Citizen of South Carolina**

11.      For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A person's domicile is the place he or she resides

with the intention to remain, or to which he or she intends to return. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

12.     Plaintiff Phil Rothkugel ("Plaintiff Rothkugel") is a resident and, therefore, a citizen, of South Carolina. *See* Exhibit A, FAC ¶ 2 ("Plaintiff Phil Rothkugel resides in Little River, South Carolina.").

### 3.     Defendants Schmidt Baking Distribution, LLC and Schmidt Baking Company, Inc. are Citizens of Maryland

13.     Defendants were, at the time the action was commenced in state court, and still are, incorporated under the laws of the State of Maryland and are therefore citizens of the State of Maryland. *See* 28 U.S.C. § 1332(c)(1).

14.     A corporation is also deemed to be a citizen of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The principal place of business is normally "where the corporation maintains its headquarters." *Id*.

15.     Defendants maintain their headquarters and principal place of business at 601 South Caroline St., Baltimore, Maryland. *See* Declaration of Mark Torres ("Torres Decl.") ¶ 3.

16.     Defendant Schmidt Baking Distribution, LLC is a limited liability company formed under the laws of Maryland. *See* Torres Decl.¶ 4. Defendant Schmidt Baking Company, Inc. is a corporation formed under the laws of Maryland. *See* Torres Decl.¶ 5.

17.     Therefore, Defendants were, at the time the action was commenced in state court, and still are, citizens of the State of Maryland.

18.     As demonstrated above, Plaintiffs and Defendants are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a).

### B.     The Amount In Controversy Is Over $75,000

19.      Defendants deny the validity and merit of all of Plaintiffs' claims, the legal theories upon

which they are purportedly based, and the claims for monetary and other relief that flow from them, and do not concede the propriety of Plaintiffs' legal or damages theories. However, assuming *arguendo* for purposes of this removal only that Plaintiffs are able to establish liability based on their claims, the amount in controversy exceeds the jurisdictional minimum. In measuring the amount in controversy, the court "draw[s] all facts—which [it] assume[s] to be true unless contradicted by more specific allegations or documentary evidence—from the complaint." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (citation omitted).

20.     The FAC does not indicate a total amount of damages claimed; consequently, Defendants only need to show by a preponderance of the evidence (that it is more probable than not) that a Plaintiff's claimed damages exceed the jurisdictional minimum. *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). The Second Circuit "generally evaluate[s] jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *See Wurtz v. Rawlings Co.*, 761 F.3d 232, 239 (2d Cir. 2014); *see Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

21.     It can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000 for named Plaintiff Silva.

### 1.     Unpaid Wages

22.     Plaintiffs seeks recovery of unpaid wages due to Defendants' deductions from Plaintiffs' wages pursuant to Connecticut General Statute ("C.G.S.") § 31-71e. *See* Ex. A, FAC, ¶¶ 34-35.

23.     A review of the relevant business records reflect a total of approximately **$56,420.77** in alleged deductions regarding the services provided by Plaintiff Silva through his corporate entity, Silva's Baked Goods, during the two years preceding the filing of the instant action. *See* Torres Decl. ¶ 13; C.G.S. § 52-596 (two-year limitations period for actions for payment of remuneration for employment). Plaintiffs allege that "Defendants have unlawfully deducted hundreds of dollars from Plaintiffs' wages on a weekly basis for purported fines, fees, route payments, and other work-

related expenses." *See* Ex. A, FAC, ¶ 35.

24.    Plaintiffs also seek to recover damages pursuant to C.G.S. § 31-72, which provides for the recovery of damages equal to "twice the full amount of such wages," unless the employer establishes "a good faith belief that the underpayment of wages was in compliance with law." C.G.S. § 31-72.  Since Plaintiffs have not alleged that Defendant had such a good faith belief, Plaintiffs are seeking to recover double damages for their unpaid wages claim based upon the alleged deductions.  Therefore, based upon the legal theory articulated by Plaintiffs in the FAC, any such deductions, plus an equal amount of damages, may be added to total potential damages to calculate the amount in controversy.

25.    Multiplying the deduction amounts by two results in total potential damages for the unpaid wages claim of Plaintiff Silva of **$112,841.54** (**$56,420.77** x 2).

26.    Plaintiff Silva's damages amount is therefore already in excess of the $75,000 amount in controversy requirement, even without consideration of the other claim and request for relief made by Plaintiffs in the FAC.

### 2.    Overtime

27.    Plaintiffs also seek recovery of unpaid overtime due to Plaintiffs' alleged misclassification as independent contractors. *See* Ex. A, FAC, ¶¶ 37-38.

28.    Plaintiffs allege that they each worked at least 50 hours per week on average. *See* Ex. A, FAC, ¶ 26.  Plaintiffs allege that they are owed an overtime premium for all hours worked over 40 in a workweek. *Id.* ¶¶ 27, 37.  Plaintiffs thus allege that they are owed overtime time at time-and-a-half their regular rate of pay for at least the 10 overtime hours they allege in the FAC that they worked. *Id.* ¶¶ 37-38; C.G.S. § 31.76b-c.

29.    During the relevant period in question, the minimum wage in Connecticut was (1) $13.00 per hour beginning August 1, 2021; (2) $14.00 per hour beginning July 1, 2022; and (3) $15.00 per hour beginning June 1, 2023. *See* C.G.S. § 31.58i.

30.    Plaintiff Silva performed services throughout the entire year of 2021.  Beginning October 24, 2021 through December 31, 2021 (a total of 10 weeks) with 10 overtime hours per week, and

an overtime rate of at least one-and-half times the minimum wage of $13.00 (or $19.50), based upon their allegations, he would be owed approximately at least **$1,950.00** in unpaid overtime for that period.

31.     Plaintiff Silva continued to perform services during 2022 through to the present.  For the first 26 weeks in 2022 through July 1, 2022, with 10 overtime hours per week, and an overtime rate of at least one-and-half times the minimum wage of $13.00 (or $19.50), based upon their allegations, Plaintiff Silva would be owed approximately **$5,070.00** in unpaid overtime for that period.  For the last 26 weeks in 2022, with 10 overtime hours per week, and an overtime rate of at least one-and-half times the minimum wage of $14.00 (or $21.00), based upon their allegations, Plaintiff Silva would be owed approximately **$5,460.00** in unpaid overtime for that period.  For the first 22 weeks of 2023, with 10 overtime hours per week, and an overtime rate of at least one-and-half times the minimum wage of $14.00 (or $21.00), based upon their allegations, Plaintiff Silva would be owed approximately **$4,620.00** in unpaid overtime for that period.  For the final 30 weeks of 2023, with 10 overtime hours per week, and an overtime rate of at least one-and-half times the minimum wage of $15.00 (or $22.50), based upon their allegations, Plaintiff Silva would be owed approximately **$6,750.00** in unpaid overtime for that period

32.     Thus, Plaintiff Silva is owed at least **$23,850.00** ($1,950 + $5,070 + $5,460 + $4,620 + $6,750) in unpaid overtime.  Plaintiffs are again seeking recovery of double damages for their overtime claims, making the minimum amount that Plaintiff Silva has alleged to be seeking to recover in unpaid overtime is **$47,700** for Plaintiff Silva.  As a result, these alleged damages amounts for Plaintiff Silva's unpaid overtime claim, combined with the alleged damages amounts for Plaintiff'ss unpaid wages deductions claim, well exceed the $75,000 amount-in-controversy jurisdictional limit, without even factoring in the asserted claim for attorney's fees.

33.     Because Plaintiff Silva easily meets the $75,000 amount in controversy, diversity jurisdiction for this matter has been met.  The Supreme Court has held that 28 U.S.C. § 1367 confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or

controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see id*. at 566-67 ("We hold that § 1367 by its plain text overruled *Clark* and *Zahn* and authorized supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy, subject only to enumerated exceptions not applicable in the cases now before us."); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 548 (2d Cir. May 25, 2018) (unpub. op.) ("In *Exxon Mobil Corp. v. Allapath Servs., Inc.*, the Supreme Court held that a defendant must only establish a reasonable probability that *one* (not all) of the plaintiffs' claims exceed $75,000," and rejecting "out-of-date legal argument that *each and every* plaintiff must meet the $75,000 threshold, which is expressly foreclosed by *Exxon Mobil*") (citing 545 U.S. at 566-67) (emphasis in original).

34.      Thus, as here, "[w]hen the well-pleaded complaint contains at least once claim that satisfies the amount-in-controversy requirement, and there are no other jurisdictional defects, the district court, beyond all question has original jurisdiction over that claim.  The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment." *Id*. at 559.

### 3.      Attorney's Fees

35.      Plaintiffs' FAC also seeks the recovery of her "all available penalties/statutory damages available under Connecticut law," which could be construed to include attorney's fees. *See* Ex. A, FAC, Prayer for Relief (D). "Attorneys' fees may be used to satisfy the amount in controversy only if they are recoverable as a matter of right pursuant to statute or contract." *Kimm v. KCC Trading, Inc.*, 449 Fed. Appx. 85, 85-86 (2d Cir. 2012).

36.      Plaintiffs' FAC alleges violation of the Connecticut Wage Laws, C.G.S. § 31-71a *et seq*., C.G.S. § 31-71c *et seq*. C.G.S. § 31-71e *et seq*., and C.G.S. § 31-72, which authorize an award of reasonable attorney's fees to a prevailing plaintiff.  *See* C.G.S. § 31-72. The recovery of reasonable attorneys' fees should be included in calculating the jurisdictional minimum. *See Connecticut v. Chubb Grp. of Ins. Companies*, No. 3:11CV00997 AWT, 2012 WL 1110488, at *5, n.3 (D. Conn.

Mar. 31, 2012) ("In addition, 'the attorney's fees [the State] seeks are an element of damages to be included in satisfying the jurisdictional amount, since they are authorized by statute as recoverable' in this action. *Connecticut v. Levi Strauss & Co.*, 471 F.Supp. 363, 371–72 (D. Conn. 1979); *see also Burton v. PGT Trucking, Inc.*, No. 16-CV-9985 (JPO), 2018 WL 2849721, at *2–3 (S.D.N.Y. June 11, 2018) ("A potential award of attorney's fees may be considered ... when determining whether a case involves the jurisdictional minimum," , but "only if they are reasonable, and only if they are provided for by contract or state statute.")

37.    There is a reasonable probability that the addition of reasonable attorneys' fees would satisfy the jurisdictional minimum. *See Daly v. United Airlines, Inc.*, No. 3:17-CV-00977 (CSH), 2017 WL 3499928, at *2–3 (D. Conn. Aug. 16, 2017) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." If, as is the case here, the plaintiff asserts that the amount-in-controversy requirement has not been met, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.") Here, it is clear that, even applying a modest amount of attorneys' fees to each Plaintiff, the $75,000 jurisdictional threshold is easily reached for both Plaintiffs.

## IV.    SUPPLEMENTAL JURISDICTION OVER PLAINTIFF ROTHKUGEL'S CLAIMS

38.    "A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011).

39.    Section 1367(a) provides: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

40.    "For purposes of section 1367(a), claims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shariar*, 659 F.3d at 245 (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (internal quotation marks omitted)).

41.    Here, as evidenced by the FAC's failure to distinguish between Plaintiff Silva and Plaintiff Rothkugel in the substantive factual and class allegations related to their claims, their claims plainly "derive from a common nucleus of operative fact." *See, e.g.*, FAC ¶¶ 6 ("Throughout the nation, Defendants enter into 'Distribution Agreements' with delivery drivers by which they pay Defendants tens of thousands of dollars for the right to distribute breads and baked goods of Defendants' affiliates in a designated territory."); 11 ("Defendants employ other Distributors in Connecticut and across the country to perform the same or similar work under the substantially same terms and identical or nearly identical Distributor Agreements."); 17 ("Through Defendants' Distribution Agreement and via its managerial discipline, policies, and practices, Defendants extensively control the manner and means by which drivers perform their work for Defendants."); *see also id.* ¶¶ 7-9, 12-16, 18-24 (additional allegations involving all drivers or Distributors); *Shariar*, 659 F.3d at 245 (finding New York Labor Law and FLSA actions "clearly derive from such a common nucleus of operative facts since they arise out of the same compensation policies and practices" of defendant).

## V.    NOTICE TO THE PLAINTIFF AND THE STATE COURT

42.    Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiffs' counsel of record, Zachary L. Rubin of LICHTEN & LISS-RIORDAN, P.C.

43.    A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of Hartford, Connecticut.

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Hartford County Superior Court to this Court.

Dated: Dec. 29, 2023

/s/ William J. Anthony
William J. Anthony (CT17865)
wanthony@littler.com

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
Telephone:   212.583.9600
Facsimile:    212.832.2719

Joshua B. Waxman (*pro hac vice forthcoming*)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006
Telephone: 202.789.3406
Facsimile:   202.478.2623
jwaxman@littler.com

Michael McIntosh (*pro hac vice forthcoming*)
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone:  703.286.3118
Facsimile:   703.991.8016

*Attorneys for Defendants*
*Schmidt Baking Distibution, LLC and Schmidt*
*Baking Company, Inc.*

# EXHIBIT  A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC.,<br><br>        Defendants. | Civil Action No.:<br><br>DECLARATION OF JOSHUA B. WAXMAN IN SUPPORT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT |

## <u>DECLARATION OF JOSHUA B. WAXMAN</u>

I, Joshua B. Waxman, declare as follows:

1.  I am an attorney with the law firm of Littler Mendelson, P.C., attorneys for SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC. ("Defendants"), in the above-entitled matter.  I am duly licensed to practice law in the State of New York, the District of Columbia, and the State of Maryland, and am one of the attorneys representing Defendants in this action. Appearing with me as co-counsel for Defendants are William J. Anthony and Michael S. McIntosh, Littler Mendelson, P.C.  Upon the filing of the Notice of Removal in this action, I will also be filing a motion for pro hac vice admission with the District of Connecticut court.  I have personal knowledge of the following facts, and if called to testify, could and would competently testify thereto.

2.  On November 21, 2023, Plaintiffs Nathaniel Silva and Phil Rothkugel ("Plaintiffs") filed a First Amended Complaint ("First Amended Complaint" or "FAC") in the Superior Court of the State of Connecticut for the County of Hartford entitled: *Nathaniel Silva and Phil Rothkugel, on*

*behalf of themselves and all others similarly situated v. Schmidt Baking Distribution, LLC and Schmidt Baking Company, Inc.,* Case No. HHD-CV23-6175772-S (the "Complaint"). Plaintiff's Complaint alleges two causes of action: (1) Unlawful Deductions under Connecticut Wage Law and (2) Connecticut Overtime Violations.

3.   As noted in the Declaration of Mark Torres, filed contemporaneously with this declaration, Defendant Schmidt Baking Distribution, LLC is a limited liability company formed under the laws of Maryland, with a principal place of business in Maryland, and is therefore a citizen of Maryland. Defendant Schmidt Baking Company, Inc. is a corporation formed under the laws of Maryland, with headquarters and a principal place of business at 601 South Caroline St., Baltimore, Maryland, and is therefore a citizen of Maryland.

4.   Defendants received a copy of the Summons and First Amended Complaint, along with a copy of the original complaint, via priority mail on November 30, 2023.

5.   A true and correct copy of the entire state court file, including the Summons, Complaint, FAC, and JDNO Notice, is attached hereto as **Exhibit A**.

6.   As of today, I am informed and believe that no further process, pleadings or orders related to this case have been filed in Hartford County Superior Court and no other parties have been named or validly served with the Summons and Complaint in this matter.

7.   Contemporaneously with the filing of Defendant's Notice of Removal in the United States District Court for the District of Connecticut, our office is providing written notice of the removal to Plaintiff's counsel of record: Zachary L. Rubin, Lichten & Liss-Riordan, P.C., 729 Boylston St., Suite 2000, Boston, MA 02116. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of Connecticut, County of Hartford.

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For Information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



- ☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- ☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- ☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, Connecticut 06106 | ( 860 ) 548 – 2700 | November 21, 2023 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
| ☐ Housing Session | ☐ Number: | Hartford | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Zachary L. Rubin, 729 Boylston St., Suite 2000, Boston, Massachusetts 02116 | 437846 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 617 ) 994 – 5800 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* zrubin@llrlaw.com |
|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|---|
| **First plaintiff** | Name: | Silva, Nathaniel | P-01 |
| | Address: | c/o Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, Massachusetts 02116 | |
| **Additional plaintiff** | Name: | Rothkugel, Phil | P-02 |
| | Address: | c/o Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, Massachuetts 02116 | |
| **First defendant** | Name: | Schmidt Baking Distribution, LLC | D-01 |
| | Address: | 601 South Caroline St., Baltimore, Maryland | |
| **Additional defendant** | Name: | | D-02 |
| | Address: | | |
| **Additional defendant** | Name: | | D-03 |
| | Address: | | |
| **Additional defendant** | Name: | | D-04 |
| | Address: | | |

| Total number of plaintiffs: 2 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☐ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| | | ☐ _____ Clerk | |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | T 03 | Defective Premises - Private - Other |
| | C 90 | All other | | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 10 | Redevelopment Condemnation | | T 20 | Products Liability - Other than Vehicular |
| | E 20 | Other State or Municipal Agencies | | T 28 | Malpractice - Medical |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 29 | Malpractice - Legal |
| | E 90 | All other | | T 30 | Malpractice - All other |
| | | | | T 40 | Assault and Battery |
| Housing | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 69 | Animals - Other |
| | H 50 | Housing - Administrative Appeal | | T 70 | False Arrest |
| | H 60 | Housing - Municipal Enforcement | | T 71 | Fire Damage |
| | H 90 | Housing - All Other | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

**RETURN DATE:  NOVEMBER 21, 2023**

NATHANIEL SILVA and PHIL ROTHKUGEL,      :      SUPERIOR COURT
  on behalf of themselves and all others similarly      :
situated,      :      J.D. OF HARTFORD
                                  :
                          Plaintiffs,      :      AT HARTFORD
         v.      :
                                    :
SCHMIDT BAKING COMPANY      :
DISTRIBUTION, LLC,      :
                                  :
                Defendant.      :

## CLASS ACTION COMPLAINT

     Plaintiffs Nathaniel Silva and Phil Rothkugel bring this class and collective action lawsuit

against Schmidt Baking distribution, LLC ("Defendant") for violations of the Connecticut Wage

Laws, including Connecticut General Statutes ("C.G.S.") § 31-71a et seq.; C.G.S. § 31-76c. et

seq.; and claims to recover for damages resulting from these breaches and violations under

C.G.S. § 31-72.

## PARTIES

     1.     Plaintiff Nathaniel Silva resides in Berlin, Connecticut. Plaintiff Silva has

delivered baked goods for Defendant within the applicable statutory period.

     2.     Plaintiff Phil Rothkugel resides in Little River, South Carolina.  Plaintiff

Rothkugel delivered baked goods for Defendant within the applicable statutory period.

     3.     Defendant is headquartered at 601 South Caroline St., Baltimore, Maryland.

## FACTS

     4.     Defendant Schmidt Baking Distribution, LLC is a distribution company that

purports to sell "distribution rights" to delivery drivers such as Plaintiffs and class members in

1

Connecticut.

    5.    Throughout the nation, Defendant enters into "Distribution Agreements" with delivery drivers by which they pay Defendant tens of thousands of dollars for the right to distribute breads and baked goods of Defendant's affiliates in a designated territory.

    6.    Defendant then pays workers like Plaintiffs to deliver the products to retail stores and other customers within specific geographic area.

    7.    Defendant requires these workers to form corporations as a condition of working for Defendant and refers to the workers such as Plaintiffs, known as "Distributors."

    8.    Distributors use vehicles to transport the products from Defendant's warehouses to its customers, which include large grocery stores and other retailers.

    9.    Plaintiffs Silva and Rothkugel have worked for Defendant as Distributors in Connecticut and in order to work they were required to form corporate entities.

    10.    Defendant employs other Distributors in Connecticut and across the country to perform the same or similar work under the substantially same terms and identical or nearly identical Distributor Agreements.

    11.    Defendant requires all of these workers to pay a substantial sum of money for alleged "distribution rights" in a geographic territory (i.e., routes) prior to executing the Distributor Agreements.

    12.    To finance these sizable payments for routes, Defendant assists drivers in securing substantial loans (with significant interest rates).

    13.    Defendant deducts "route payments" from drivers' compensation each week to service these loans.

    14.    Defendant makes a number of unauthorized and arbitrary deductions to Plaintiffs'

pay, including for alleged "fines" that cannot be disputed by the drivers.

15.    Although Defendant claims in its standardized Distributor Agreements that Distributors are independent contractors, the Distributor Agreements are *de facto* employment agreements.

16.    Through Defendant's Distribution Agreement and via its managerial discipline, policies, and practices, Defendant extensively controls the manner and means by which drivers perform their work for Defendant.

17.    For example, Defendant requires that Plaintiffs and class members attend meetings, and require Plaintiffs and other drivers to service stores and customers in their territories at specific dates and times.

18.    If Plaintiffs fail to comply with these requirements, they can be fined hundreds of dollars, or terminated.

19.    Defendant also retains unilateral control over the quantity and types of products that are delivered to each customer, as well as the price of each product.

20.    The work of Plaintiffs and other drivers falls squarely within Defendant's usual course of business.  Indeed, Plaintiffs and other drivers are undeniably central to Defendant's business as a distributor of breads and baked goods.

21.    Plaintiffs and other drivers are not engaged in independently established trades, occupations, professions, or businesses.  Rather, drivers overwhelmingly work exclusively for Defendant; the associated corporate entities are formed and exist for the sole purpose of working for Defendant.

22.    Each week, Defendant has agreed to pay the Plaintiffs and other drivers for their work.  The weekly pay is comprised of the difference between the amount that Plaintiffs were

"charged" by Defendant to take the product from Defendant's warehouse for delivery, and the price ultimately paid by Defendant's customer for the product.

23.     Defendant creates the illusion that Distributors run businesses. However, since Distributors cannot control any of the prices, in reality they are simply paid wages based on the number of products delivered each week.

24.     Plaintiffs suffer significant damages each week due to deductions and withholdings from their wages and expenses paid out of pocket that benefit Defendant, all of which are unlawful where Plaintiffs are employees of Defendant.

25.     Further, Plaintiffs regularly worked more than forty hours per week for Defendant.  Plaintiff Silva estimates working approximately 50 hours per week, on average. Plaintiff Rothkugel estimates working more than 50 hours per week, and often longer.

26.     Defendant does not pay either Plaintiff or any other driver an overtime premium for those hours worked over forty in a workweek.

## CONNECTICUT CLASS ALLEGATIONS

27.     Plaintiffs bring this action on behalf of themselves and other individuals who delivered products for Defendant pursuant to a Distributor Agreement in Connecticut from the two years preceding the filing of this Complaint.

28.     Class action treatment of this action appropriate because all of the requirements of Practice Book §§ 9-7 and 9-8 are satisfied.  In particular:

(a)     The class includes over 40 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b)     Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests

4

of other class members.

(c)     Plaintiffs and their lawyers will fairly and adequately represent the class

members and their interests.

(d)     Questions of law and fact are common to all class members because this

action concerns Defendant's identical violations of Connecticut law in regard to each class

member.  For example, the question of whether Plaintiffs and other drivers are employees of

Defendant under the Connecticut ABC employment test will be determined through the

application of generally applicable legal principles to common facts.

(e)     Class certification is appropriate because common questions of law and

fact predominate over questions affecting only individual class members and because a class

action is superior to other available methods for the fair and efficient adjudication of this

litigation.

(f)     Defendant has acted on grounds generally applicable to the class, thereby

making appropriate classwide relief.

## COUNT I

## CONNECTICUT WAGE LAW VIOLATIONS – UNLAWFUL DEDUCTIONS

### (On behalf of Connecticut Class)

29.     All previous paragraphs are incorporated as though fully set forth herein.

30.     Plaintiffs Silva and Rothkugel are employees entitled to the protections of

Connecticut's wage statutes.

31.     Defendant is an employer required to pay Plaintiffs in accordance with

Connecticut law.

32.     At all relevant times, Defendant was an employer of Plaintiffs under Connecticut

law.  However, Defendant has misclassified Plaintiffs and other drivers as independent

5

contractors.

33.     As a result of Defendant's misclassification scheme, Plaintiffs were not paid all waged owned to them under C.G.S. § 31-71a et seq.

34.     Defendant has unlawfully deducted hundreds of dollars from Plaintiffs' wages on a weekly basis for purported fines, fees, route payments, and other work-related expenses.

35.     Defendant's practice of deducting various work-related expenses from Plaintiffs' wages also violates C.G.S. § 31-71e.

## COUNT II

### CONNECTICUT OVERTIME VIOLATIONS

### (On behalf of Connecticut Class)

36.     Defendant has also failed to pay Plaintiffs overtime premiums for all hours worked in excess of forty hours per week, in violation of C.G.S. § 31-76c et seq.

37.     Plaintiffs seek compensation resulting from Defendant's violation of C.G.S. § 31-71a et seq. and C.G.S. § 31-76c et seq. pursuant to C.G.S. § 31-72.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following relief on behalf of themselves and other Connecticut class members: (A) class certification; (B) payments equaling the value of all improper deductions; (C) unpaid overtime wages; (D) all available penalties/statutory damages available under Connecticut law; (E) pre-judgment interest and (F) any other relief the Court deems just and proper.

NATHANIEL SILVA and PHIL ROTHKUGEL,
  on behalf of themselves and all others similarly
situated,

                          Plaintiffs,

       v.

SCHMIDT MAKING COMPANY
DISTRIBUTION, LLC,

               Defendant.

SUPERIOR COURT

J.D. OF HARTFORD

AT HARTFORD

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiffs claims damages in excess of $15,000.00.

Dated: October 23, 2023

NATHANIEL SILVA and PHIL ROTHKUGEL,
on behalf of themselves and all
others similarly situated,

By their Attorneys,

/s/  *Zachary L. Rubin*
Zachary L. Rubin, (Juris No. 437846)
Harold L. Lichten, *pro hac vice anticipated*
Matthew W. Thomson, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* | STATE OF CONNECTICUT **SUPERIOR COURT** *www.jud.ct.gov*  |
|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* 95 Washington Street, Hartford, CT 06106 | Telephone number of clerk ( 860 ) 548 − 2700 | Return Date *(Must be a Tuesday)* December 26, 2023 |
|---|---|---|
| ☒ Judicial District   G.A. ☐ Housing Session   Number: | At *(City/Town)* Hartford | Case type code *(See list on page 2)* Major: M   Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* Zachary L. Rubin, Lichten & Liss-Riordan, P.C. 729 Boylston St. Suite 2000 Boston, MA 02116 | Juris number *(if attorney or law firm)* 437846 |
|---|---|
| Telephone number ( 617 ) 994 − 5800 | Signature of plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* zrubin@llrlaw.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: **Silva, Nathaniel** Address: **c/o Lichten & Liss-Riordan, P.C. 729 Boylston St. Suite 2000** | P-01 |
| Additional plaintiff | Name: **Rothkugel, Phil** Address: **c/o Lichten & Liss-Riordan, P.C. 729 Boylston St. Suite 2000** | P-02 |
| First defendant | Name: **Schmidt Baking Distribution, LLC** Address: **601 South Caroline St. Baltimore, MD 21231** | D-01 |
| Additional defendant | Name: **Schmidt Baking Company, Inc.** Address: **601 South Caroline St. Baltimore, MD 21231** | D-02 |
| Additional defendant | Name: Address: | D-03 |
| Additional defendant | Name: Address: | D-04 |

| Total number of plaintiffs: 2 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 11/20/2023 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing Zachary L. Rubin |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. c. The court staff is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | T 03 | Defective Premises - Private - Other |
| | C 90 | All other | | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 10 | Redevelopment Condemnation | | T 20 | Products Liability - Other than Vehicular |
| | E 20 | Other State or Municipal Agencies | | T 28 | Malpractice - Medical |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 29 | Malpractice - Legal |
| | E 90 | All other | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| Miscellaneous | M 00 | Injunction | | T 90 | All other |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | M 68 | Bar Discipline - Inactive Status | | V 40 | Snowmobiles |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

**RETURN DATE: DECEMBER 26, 2023**

| | |
|---|---|
| NATHANIEL SILVA and PHIL ROTHKUGEL,<br>  on behalf of themselves and all others similarly<br>situated,<br><br>                                   Plaintiffs,<br><br>    v.<br><br>SCHMIDT BAKING DISTRIBUTION, LLC and<br>SCHMIDT BAKING COMPANY, INC.,<br><br>                                  Defendants. | SUPERIOR COURT<br><br>J.D. OF HARTFORD<br><br>AT HARTFORD<br><br>No. HHD-CV23-6175772-S |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Nathaniel Silva and Phil Rothkugel bring this class and collective action lawsuit

against Schmidt Baking Distribution, LLC and Schmidt Baking Company, Inc. ("Defendants")

for violations of the Connecticut Wage Laws, including Connecticut General Statutes ("C.G.S.")

§ 31-71a *et seq.*; C.G.S. § 31-76c. *et seq.*; and claims to recover for damages resulting from these

breaches and violations under C.G.S. § 31-72.

## PARTIES

1.     Plaintiff Nathaniel Silva resides in Berlin, Connecticut. Plaintiff Silva has

delivered baked goods for Defendant within the applicable statutory period.

2.     Plaintiff Phil Rothkugel resides in Little River, South Carolina. Plaintiff

Rothkugel delivered baked goods for Defendant within the applicable statutory period.

3.     Defendants are headquartered at 601 South Caroline St., Baltimore, Maryland.

## FACTS

4.     Defendant Schmidt Baking Distribution, LLC is a distribution company that

purports to sell "distribution rights" to delivery drivers such as Plaintiffs and class members in

1

Connecticut.

5.      Defendant Schmidt Baking Company, Inc., is the parent company and/or an affiliate of Defendant Schmidt Baking Distribution, LLC.

6.      Throughout the nation, Defendants enter into "Distribution Agreements" with delivery drivers by which they pay Defendants tens of thousands of dollars for the right to distribute breads and baked goods of Defendants' affiliates in a designated territory.

7.      Defendants then pay workers like Plaintiffs to deliver the products to retail stores and other customers within a specific geographic area.

8.      Defendants require these workers to form corporations as a condition of working for Defendants and refers to the workers such as Plaintiffs, known as "Distributors."

9.      Distributors use vehicles to transport the products from Defendants' warehouses to their customers, which include large grocery stores and other retailers.

10.     Plaintiffs Silva and Rothkugel have worked for Defendants as Distributors in Connecticut and in order to work they were required to form corporate entities.

11.     Defendants employ other Distributors in Connecticut and across the country to perform the same or similar work under the substantially same terms and identical or nearly identical Distributor Agreements.

12.     Defendants require all of these workers to pay a substantial sum of money for alleged "distribution rights" in a geographic territory (i.e., routes) prior to executing the Distributor Agreements.

13.     To finance these sizable payments for routes, Defendants assists drivers in securing substantial loans (with significant interest rates).

14.     Defendants deduct "route payments" from drivers' compensation each week to

service these loans.

15.     Defendants make a number of unauthorized and arbitrary deductions to Plaintiffs' pay, including for alleged "fines" that cannot be disputed by the drivers.

16.     Although Defendants claim in its standardized Distributor Agreements that Distributors are independent contractors, the Distributor Agreements are *de facto* employment agreements.

17.     Through Defendants' Distribution Agreement and via its managerial discipline, policies, and practices, Defendants extensively control the manner and means by which drivers perform their work for Defendants.

18.     For example, Defendants requires that Plaintiffs and class members attend meetings, and require Plaintiffs and other drivers to service stores and customers in their territories at specific dates and times.

19.     If Plaintiffs fail to comply with these requirements, they can be fined hundreds of dollars, or terminated.

20.     Defendants also retain unilateral control over the quantity and types of products that are delivered to each customer, as well as the price of each product.

21.     The work of Plaintiffs and other drivers falls squarely within Defendants' usual course of business. Indeed, Plaintiffs and other drivers are undeniably central to Defendants' business as a distributor of breads and baked goods.

22.     Plaintiffs and other drivers are not engaged in independently established trades, occupations, professions, or businesses. Rather, drivers overwhelmingly work exclusively for Defendants; the associated corporate entities are formed and exist for the sole purpose of working for Defendants.

23.     Each week, Defendants have agreed to pay the Plaintiffs and other drivers for their work. The weekly pay is comprised of the difference between the amount that Plaintiffs were "charged" by Defendants to take the product from Defendants' warehouse for delivery, and the price ultimately paid by Defendants' customer for the product.

24.     Defendants create the illusion that Distributors run businesses. However, since Distributors cannot control any of the prices, in reality they are simply paid wages based on the number of products delivered each week.

25.     Plaintiffs suffer significant damages each week due to deductions and withholdings from their wages and expenses paid out of pocket that benefit Defendants, all of which are unlawful where Plaintiffs are employees of Defendants.

26.     Further, Plaintiffs regularly worked more than forty hours per week for Defendants. Plaintiff Silva estimates working approximately 50 hours per week, on average. Plaintiff Rothkugel estimates working more than 50 hours per week, and often longer.

27.     Defendants do not pay either Plaintiff or any other driver an overtime premium for those hours worked over forty in a workweek.

## CONNECTICUT CLASS ALLEGATIONS

28.     Plaintiffs bring this action on behalf of themselves and other individuals who delivered products for Defendants pursuant to a Distributor Agreement in Connecticut from the two years preceding the filing of this Complaint.

29.     Class action treatment of this action appropriate because all of the requirements of Practice Book §§ 9-7 and 9-8 are satisfied. In particular:

     (a)     The class includes over 40 individuals, all of whom are readily ascertainable based on Defendants' records and are so numerous that joinder of all class members is impracticable.

4

(b)     Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

(c)     Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

(d)     Questions of law and fact are common to all class members because this action concerns Defendants' identical violations of Connecticut law in regard to each class member. For example, the question of whether Plaintiffs and other drivers are employees of Defendants under the Connecticut ABC employment test will be determined through the application of generally applicable legal principles to common facts.

(e)     Class certification is appropriate because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

(f)     Defendants have acted on grounds generally applicable to the class, thereby making appropriate classwide relief.

## COUNT I

## CONNECTICUT WAGE LAW VIOLATIONS – UNLAWFUL DEDUCTIONS

### (On behalf of Connecticut Class)

30.     All previous paragraphs are incorporated as though fully set forth herein.

31.     Plaintiffs Silva and Rothkugel are employees entitled to the protections of Connecticut's wage statutes.

32.     Defendants are employers required to pay Plaintiffs in accordance with Connecticut law.

33.     At all relevant times, Defendants were employers of Plaintiffs under Connecticut law. However, Defendants have misclassified Plaintiffs and other drivers as independent contractors.

34.     As a result of Defendants' misclassification scheme, Plaintiffs were not paid all waged owned to them under C.G.S. § 31-71a *et seq.*

35.     Defendants have unlawfully deducted hundreds of dollars from Plaintiffs' wages on a weekly basis for purported fines, fees, route payments, and other work-related expenses.

36.     Defendants' practice of deducting various work-related expenses from Plaintiffs' wages also violates C.G.S. § 31-71e.

## COUNT II

## CONNECTICUT OVERTIME VIOLATIONS

### (On behalf of Connecticut Class)

37.     Defendants have also failed to pay Plaintiffs overtime premiums for all hours worked in excess of forty hours per week, in violation of C.G.S. § 31-76c *et seq.*

38.     Plaintiffs seek compensation resulting from Defendants' violations of C.G.S. § 31-71a *et seq.* and C.G.S. § 31-76c *et seq.* pursuant to C.G.S. § 31-72.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following relief on behalf of themselves and other Connecticut class members: (A) class certification; (B) payments equaling the value of all improper deductions; (C) unpaid overtime wages; (D) all available penalties/statutory damages available under Connecticut law; (E) pre-judgment interest and (F) any other relief the Court deems just and proper.

|  |  |  |
|---|---|---|
| NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated, | : | SUPERIOR COURT |
|  | : | J.D. OF HARTFORD |
|  | : |  |
| Plaintiffs, | : | AT HARTFORD |
| v. | : |  |
|  | : |  |
| SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiffs claims damages in excess of $15,000.00.

Dated: November 20, 2023

NATHANIEL SILVA and PHIL ROTHKUGEL,
on behalf of themselves and all
others similarly situated,

By their Attorneys,

/s/  *Zachary L. Rubin*
Zachary L. Rubin, (Juris No. 437846)
Harold L. Lichten, *pro hac vice anticipated*
Matthew W. Thomson, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800

**JDNO NOTICE**

HHD-CV-23-6175772-S    SILVA, NATHANIEL Et Al v. SCHMIDT BAKING COMPANY DISTRIBUTION, LLC

Notice Issued: **10/25/2023**

**Court Address:**
CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF HARTFORD
95 WASHINGTON STREET
HARTFORD, CT 06106
**Website:** www.jud.ct.gov

**Notice Content:**
Notice Issued: **10/25/2023**
Docket Number: **HHD-CV-23-6175772-S**
Case Caption: **SILVA, NATHANIEL Et Al v. SCHMIDT BAKING COMPANY DISTRIBUTION, LLC**
Notice Sequence #: **1**

JDNO NOTICE

10/26/2023 AT 5:00PM
The above-captioned case has been individually assigned to HD6.

The prefix "HD6" has been assigned to this case for assignment purposes and will appear on all short calendars.

This notice is for informational purposes only. No court appearance is required.

Please direct questions to the Civil Caseflow Office to at 860-548-2703.

I declare under penalty of perjury pursuant to the laws of the State of Connecticut that the foregoing is true and correct.

Executed this 29th day of December, 2023, in Washington, D.C.


/s/ Joshua B. Waxman
JOSHUA B. WAXMAN

# Declaration of Mark Torres

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NATHANIEL SILVA and PHIL ROTHKUGEL**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC.**,<br><br>Defendants. | **Civil Action No.:** |

## DECLARATION OF MARK TORRES IN SUPPORT OF MOTION FOR REMOVAL

I, Mark Torres, hereby declare and state:

1.     I am an adult over the age of 18 and a resident of the state of Maryland.  The information set forth herein is true and correct and of my own personal knowledge, and if asked to testify thereto, I would do so competently.

2.     I am currently employed by Schmidt Baking Company, Inc. as Director of IO Services.  I have been employed by Schmidt Baking Company, Inc. in my current position for approximately 12 years.  Schmidt Baking Company, Inc. develops, manufactures, and markets bread and bread-like products to retailers and foodservice outlets for distribution by, among others, Schmidt Baking Distribution, LLC.  I am also an authorized representative of Schmidt Baking Distribution, LLC.

3.     Schmidt Baking Company, Inc. and Schmidt Baking Distribution, LLC maintain their headquarters and principal place of business at 601 South Caroline St., Baltimore, Maryland.

4.     Defendant Schmidt Baking Distribution, LLC is a limited liability company formed under the laws of Maryland.

5.      Defendant Schmidt Baking Company, Inc. is a corporation formed under the laws of Maryland.

6.      Schmidt Baking Distribution, LLC enters into Distribution Agreements with independent operator companies to give them exclusive rights to distribute and sell various Schmidt fresh baked products to outlets within territories that receive products by certain distribution methods, in accordance with the terms of such agreements.

7.      Plaintiff Phil Rothkugel is the principal of Trout Slayers Baked Breads Inc., and Plaintiff Nathaniel Silva is the principal of Silva's Baked Goods. Plaintiff Rothkugel and Plaintff Silva each entered into distribution agreements as the presidents of their respective companies with Defendant Schmidt Baking Distribution, LLC. Each of them served as distributors of baked goods for Schmidt through these entities.

8.      I am familiar with the current Distribution Agreements signed by Mr. Silva and Mr. Rothkugel.

9.      Through Silva's Baked Goods, Mr. Silva obtained the distribution rights to sales areas in Connecticut beginning on June 24, 2020. Through his company, Mr. Silva has continued to perform services as a distributor through the present.

10.     Through Trout Slayers Baked Breads Inc., Mr. Rothkugel obtained the distribution rights to a sales area in Connecticut beginning December 16, 2020. Through his company, Mr. Rothkugel continued to perform services as a distributor through January 5, 2022.

11.     It is my understanding that Mr. Silva and Mr. Rothkugel are alleging that any amounts deducted by Defendants from payments made to their companies were improper wage deductions.

12.     In my position as Director of IO Services, I have access to business records setting forth the amounts that were deducted from payments made to Silva's Baked Goods and Trout

2

Slavers Baked Breads Inc., for a variety of reasons, based upon the Distribution Agreements that each entered into as the president of their respective distribution companies.

13.     During Mr. Silva's time as a distributor, my review of the relevant business records reflect a total of approximately $56,420.77 in deductions in connection with the services provided by Mr. Silva through his corporate entity, Silva's Baked Goods during the relevant period two years prior to the filing of the complaint in this matter on October 24, 2023.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed in Baltimore, Maryland this 29th day of December 2023.

MARK TORRES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all counsel and pro se parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Zachary L. Rubin, Esq.
Harold L. Ritchen, Esq.
Matthew W. Thompson, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

*/s/ William J. Anthony*
William J. Anthony (CT17865)