IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC., <br><br> Defendants. | C.A. No. 3:23-cv-01695-MPS |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this notice of supplemental authority regarding a recent decision from the United States Supreme Court, which affects Defendants' pending Motion to Compel Arbitration (Dkt. 10).  See Bissonnette v. LePage Bakeries Park St., LLC, No. 23-51, 601 U.S.____; 2024 WL 1588708, at *6 (U.S. Apr. 12, 2024).  The Bissonnette decision supports Plaintiffs' argument that Defendants' motion to compel arbitration should be denied because Plaintiffs are exempt from the Federal Arbitration Act ("FAA") pursuant to its so-called "transportation worker" exemption.  See 9 U.S.C.A. § 1.

In Bissonnette, Chief Justice Roberts authored a unanimous opinion of the Court which reversed the Second Circuit's holding that delivery drivers for a bakery were not "transportation workers" and were thus covered by the FAA.  Specifically, the Second Circuit had reasoned that because the drivers worked for a baked goods company, as opposed to traditional trucking company, they were not "transportation workers" for purposes of the statutory exemption.  In reversing the Second Circuit's decision, the Supreme Court held that "[a] transportation worker

need not work in the transportation industry to fall within the exemption from the FAA provided by § 1 of the Act." Bissonnette v. LePage Bakeries Park St., LLC, No. 23-51, 601 U.S.____;2024 WL 1588708, at *6 (U.S. Apr. 12, 2024).

At bottom, the Bissonnette decision confirms the arguments set forth by Plaintiffs in their Opposition (Dkt. 24), in which Plaintiffs argued that in determining whether a transportation worker is exempt from the FAA, a court's focus is on the delivery work actually performed by the workers, not the industry of the employer.  See Dkt. 24 at pp. 15-17.

Dated: April 18, 2024

NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated,

By their Attorney,

/s/ Zachary L. Rubin
Zachary L. Rubin (ct30192)
Seppinni Law PLLC
40 Broad St., 7th Floor
New York, NY 10004
(212) 859-5085
zach@seppinnilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, I caused this pleading to be filed via the Court's ECF system, which served all counsel of record by email.

/s/ Zachary L. Rubin_____
Zachary L. Rubin