**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC. ,**<br><br>Defendants. | **Civil Action No.: 3:23-cv-01695-MPS**<br><br><br>**April 25, 2024** |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**
**<u>IN SUPPORT OF MOTION TO COMPEL ARBITRATION</u>**

Defendants Schmidt Baking Distribution, LLC ("SBD") and Schmidt Baking Company, Inc. ("SBC") respectfully submit this Notice of Supplemental Authority in support of their motion to compel individual arbitration of claims by Plaintiffs Nathaniel Silva and Phil Rothkugel (collectively, "Plaintiffs").

In their Reply, in arguing that the Distribution Agreements at issue here were not "contracts of employment" under the Federal Arbitration Act's ("FAA") Section 1 "transportation worker" exclusion, Defendants relied, *inter alia*, upon *Fli-Lo Falcon, LLC v. Amazon.com Inc.*, No. C22-441-RSM-MLP, 2022 WL 4451273, at *5 (W.D. Wash. Sept. 8, 2022), *adopted by* 2022 WL 4448654 (W.D. Wash. Sept. 23, 2022), and noted that an appeal was pending before the Ninth Circuit. (*See* ECF 28, Defs.' Reply at 5 n.26.).

On April 10, 2024, in an opinion designated for publication, the Ninth Circuit affirmed the district court's decision in *Fli-Lo Falcon, LLC. See Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, No. 22-35818, --- F.4th ----, 2024 WL 1547091 (9th Cir. Apr. 12, 2024).[1] It stated, "The text of the transportation worker exemption makes clear—and we hold—that the residual clause does not extend to business entities like plaintiffs." 2024 WL 1547091, at *5. In reaching that conclusion, the Ninth Circuit relied upon the Circuit decisions in *Amos v. Amazon Logistics, Inc.*, 74 F.4th 591, 596-97 (4th Cir. 2023), and *Tillman Transportation, LLC v. MI Business Inc.*, 95 F.4th 1057, 1061 (6th Cir. 2024). *Id*. These decisions are consistent with the ruling of the U.S. District Court for the District of Maryland holding that the Schmidt Defendants' Distribution Agreement was not a "contract of employment" under Section 1 of the FAA in an earlier case involving SBD and SBC. *See Gray v. Schmidt Baking Co., Inc.,* No. 22-cv-00463-LKG, 2023 WL 9285466, at **2-4 (D. Md. Oct. 16, 2023).

---

[1] For the convenience of the Court, the Ninth Circuit slip opinion is attached hereto as **Exhibit 1**.

The Ninth Circuit further held that "'contracts of employment' in the transportation worker exemption do not extend to commercial contracts like DSP Agreements." (*Fli-Lo Falcon*, 2024 WL 1547091, at *5) "In other words, for a contract to *be* a contract of employment covered by § 1, it must have a *qualifying worker* as one of the parties." (*Id*. (emphasis in original).) Here, the relevant arbitration provision is contained in contracts between Defendant SBD and the corporate entities formed by Plaintiffs. The Ninth Circuit also swatted down the plaintiffs' argument that requiring them to become corporate entities circumvented the transportation worker exemption, The panel found that "Amazon chose to contract only with business entities," and "[n]othing in any law cited to us barred Amazon from doing so." *Id*. at *6.

Finally, as the Schmidt Defendants predicted in their Reply, nothing in the Supreme Court's resolution of *Bissonnette v. LePage Bakeries Park St., LLC*, No. 23-51, 601 U.S. ___, 2024 WL 1588708 (U.S. Apr. 12, 2024) (*see* Dkt. 30, Pls.' Notice of Supplemental Authority), addressed or disturbed the uniform and growing body of cases involving the "contracts of employment" issue (*see* Dkt. 28, Defs.' Reply ISO Mot. to Compel Arbitration, at 5-6 ("And because neither the district court nor the Second Circuit reached that issue in *Bissonnette*, neither will the Supreme Court."), or the fact that the Distribution Agreement's arbitration provision can alternatively be enforced under Maryland's Uniform Arbitration Act (*see id.*, at 7).

April 25, 2024

Respectfully submitted,

*/s/ William J. Anthony*

William J. Anthony (CT17865)
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
Telephone:   212.583.9600
Facsimile:   212.832.2719
wanthony@littler.com

Joshua B. Waxman (*pro hac vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006
Telephone: 202.789.3406
Facsimile:   202.478.2623
jwaxman@littler.com

Michael McIntosh (*pro hac vice*)
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone:  703.286.3118
Facsimile:   703.991.8016

*Attorneys for Defendants*
*Schmidt Baking Distribution, LLC and*
*Schmidt Baking Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all counsel and pro se parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Zachary L. Rubin, Esq.
SEPPINNI LAW
40 Broad St., Fl. 7
New York, NY 10004

Harold L. Litchen, Esq.
Matthew W. Thompson, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

*/s/ William J. Anthony*
William J. Anthony (CT17865)