## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC. ,**<br><br>Defendants. | Civil Action No.: 3:23-cv-01695-MPS<br><br><br>June 18, 2024 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE CONSOLIDATED RESPONSE TO BRIEFS OF AMICI CURIAE**

Defendants Schmidt Baking Distribution, LLC ("SBD") and Schmidt Baking Company, Inc. ("SBC") respectfully submit this brief Reply in response to Plaintiffs' opposition (ECF 40) to Defendants' motion for leave (ECF 39) to file, by July 8, 2024, a consolidated response to the amicus curiae briefs submitted by Public Justice and National Employment Law Project in support of the motion for certification of this Court's May 2, 2024 Ruling for interlocutory appeal filed by Plaintiffs Nathaniel Silva and Phil Rothkugel (collectively, "Plaintiffs").

Plaintiffs do not dispute the timeline of events described in Defendants' motion or the length of the amicus briefs filed. (*See* Defs.' Mot. for Leave, ECF 39 at 1, ¶¶ 1-4.)  After Plaintiffs filed their June 3 motion for certification of an interlocutory appeal, on June 7 the Court *sua sponte* shortened the deadline under the local rules for Defendants' opposition by seven (7) days, to June 17. Subsequently, on June 10 and June 11, respectively, Defendants were served with the two proposed *amicus curiae* briefs (ECF 36, 37-1), but the Court did not grant the amici's motions requesting leave to submit those briefs (ECF 37) until June 13 – just four days before the deadline for Defendants' opposition to Plaintiffs' motion.  Under normal circumstances, pursuant to this Court's local rules, Defendants would have 21 days to respond to the amici's motions.  *See* D. Conn. L. Civ. R. 7(a)(2); *but see id*. at 7(a)(4) ("To expedite a decision or for other good cause," the Court may rule on a motion before expiration of the period ordinarily permitted for filing opposition papers.").

Plaintiffs do not (and cannot) argue that four days (including a weekend) following the Court's granting of leave to file the amicus briefs was a reasonable time for Defendants to incorporate into their opposition brief a response to not one, but two, lengthy amicus briefs. Rather, Plaintiffs' sole objection is that Defendants did not propose an extension of time to file their opposition brief so that they could respond to the amicus briefs.  Plaintiffs' suggestion that

1

Defendants did not do so was an "effort to obtain the last word on the underlying motion" is unfounded.

And even if Plaintiffs are correct that "parties served with amicus briefs typically respond to arguments made in those briefs as part of their response to an opening brief or motion," (ECF 40 at 1) – a proposition for which they offer no support – this is hardly a "typical" situation given the nature of the issue (certification of an order for interlocutory appeal), Defendants' shortened briefing deadline, and the general rarity of district court-level amicus briefs.  *See* Shapiro, A., *et al.*, "Tips for District Court Amicus Brief Success," New York L. Journal, Vol. 264, No. 122 (Dec. 24, 2020) ("In fact, in a survey of nationwide federal court filings conducted by our firm for this article, we found that district courts received amicus briefs in 0.1% of civil cases, amounting to roughly 300 cases per year in all district courts combined.").[1]

Under Plaintiffs' unfair view, they should get four briefs (opening, reply, and two amicus briefs), and Defendants should get but one. Given these atypical circumstances, and in the interests of fairness, Defendants' motion should be granted and they should be permitted an opportunity to respond to the amici's briefs.

June 24, 2024

Respectfully submitted,

*/s/ William J. Anthony*
William J. Anthony (CT17865)
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
Telephone:   212.583.9600
Facsimile:    212.832.2719
wanthony@littler.com

---

[1] See https://www.gibsondunn.com/wp-content/uploads/2020/12/Shapiro-Crain-LeSavage-Tips-for-District-Court-Amicus-Brief-Success-New-York-Law-Journal-12-23-2020.pdf (last accessed June 24, 2024).

        Joshua B. Waxman (*pro hac vice*)
        LITTLER MENDELSON, P.C.
        815 Connecticut Avenue, NW, Suite 400
        Washington, DC 20006
        Telephone: 202.789.3406
        Facsimile:   202.478.2623
        jwaxman@littler.com

        Michael McIntosh (*pro hac vice*)
        LITTLER MENDELSON, P.C.
        1800 Tysons Boulevard, Suite 500
        Tysons Corner, VA 22102
        Telephone:  703.286.3118
        Facsimile:   703.991.8016

*Attorneys for Defendants*
*Schmidt Baking Distribution, LLC and*
*Schmidt Baking Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, a copy of the foregoing was filed electronically and served by e-mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all counsel who have appeared by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Zachary L. Rubin, Esq.
SEPPINNI LAW
40 Broad St., Fl. 7
New York, NY 10004

Gregg D. Adler
Livingston, Adler, Pulda, Meiklejohn & Kelly
557 Prospect Ave.
Hartford, CT 06105-2922

Shelby Leighton (non-CM/ECF recipient)
Public Justice
1620 L St. NW, Suite 630
Washington, DC 20036
sleighton@publicjustice.net

                                                                              /s/ William J. Anthony
                                                                              William J. Anthony (CT17865)