IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC.,<br><br>Defendants. | C.A. No. 3:23-cv-01695-MPS |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

0

Plaintiffs submit this notice of supplemental authority regarding a recent decision from within this Circuit.  In Jackson v. Proampac LLC, No. 7:22-CV-03120 (NSR), 2024 WL 3378036, at *3 (S.D.N.Y. July 11, 2024), the court considered a motion pursuant to 28 U.S.C. § 1292(b), seeking to appeal the court's prior opinion holding that a group of employees lacked standing to assert wage and hour claims under New York Labor Law §195.  The court granted permission to seek an interlocutory appeal, finding that the issue of standing turned on a question of statutory interpretation that could be decided as a matter of law, for which there are substantial grounds for disagreement, and that would materially advance the ultimate termination of the litigation.  Id. at *3-*4.  The court permitted an interlocutory appeal even though the court denied the plaintiff's motion for reconsideration and remained confident in its prior decision dismissing the claim.

Similarly, here, the underlying issue Plaintiffs are seeking to appeal involves a question of statutory interpretation under 9 U.S.C. §1 regarding whether an individual worker (i.e., an actual human as opposed to a corporate plaintiff) falls within the scope of the §1 exemption even if his contract to perform work is signed by an LLC. See Islam v. Lyft, Inc., 2021 WL 2651653 (S.D.N.Y. June 28, 2021) (certifying an interlocutory appeal concerning the application of the Section 1 exemption).  Moreover, in this case, the question is not whether the Court's prior decision was right or wrong, but only whether the question satisfies the requirements for interlocutory appeal.  The reasoning in Jackson is consistent with Plaintiffs' arguments in their motion and reply brief.  See Dkts. 33, 44.

| | |
|---|---|
| Dated: July 19, 2024 | NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated, |

By their Attorney,

*/s/ Zachary L. Rubin*
Zachary L. Rubin (ct30192)
Seppinni Law PLLC
40 Broad St., 7th Floor
New York, NY 10004
(212) 859-5085
zach@seppinnilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, I caused this pleading to be filed via the Court's ECF system, which served all counsel of record by email.

*/s/ Zachary L. Rubin*
Zachary L. Rubin

2