\

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATHANIEL SILVA and PHIL ROTHKUGEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHMIDT BAKING DISTRIBUTION, LLC and SCHMIDT BAKING COMPANY, INC. ,<br><br>Defendants. | Civil Action No.: 3:23-cv-01695-MPS<br><br>June 17, 2024 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO
CERTIFY COURT'S MAY 2, 2024 RULING FOR INTERLOCUTORY APPEAL**

Defendants Schmidt Baking Distribution, LLC ("SBD") and Schmidt Baking Company, Inc. ("SBC") (collectively the "Schmidt Defendants"), respectfully submit this Response to Plaintiffs' Notice of Supplemental Authority (ECF 45, Pls.' Notice). As explained more fully below, Plaintiffs' reliance on a recently decided Southern District of New York opinion certifying for interlocutory appeal an order dismissing an action for lack of standing is misplaced. *See Jackson v. Proampac LLC*, No. 7:22-CV-03120 (NSR), 2024 WL 3378036, at *3 (S.D.N.Y. July 11, 2024). In fact, the *Jackson* decision illustrates why certification of the Court's May 2, 2024 Ruling for interlocutory appeal is inappropriate.

In arguing that the "reasoning in Jackson is consistent with Plaintiffs' arguments in their motion and reply brief," Plaintiffs focus on (1) the existence of a "question of statutory interpretation that could be decided as a matter of law"; and (2) the certification of an order for

1

interlocutory appeal "even though the court denied the plaintiff's motion for reconsideration and remained confident in its prior decision dismissing the claim." Pls.' Notice 1.

As to the first point, *Jackson* presented at the motion to dismiss stage a question of standing, *i.e.*, whether standing to bring a New York Labor Law (NYLL") wage statement claim could be based on a "time value of money" theory of harm, which the district court found, after accepting the plaintiffs' allegations as true, "failed to plausibly allege an injury-in-fact." *Jackson*, 2024 WL 3378036, at *2; *see also Jackson v. Proampac LLC*, 694 F. Supp. 3d 352, 362, 363 (S.D.N.Y. Sept. 25, 2023) (accepting well-pled factual allegations in the complaint as true in considering Rule 12(b)(1) motion and finding plaintiffs "fail to sufficiently allege an injury in fact"). In contrast, a motion to compel arbitration is decided under a summary judgment standard, with all reasonable inferences drawn in favor of the non-moving party. *See Silva v. Schmidt Baking Distrib., LLC*, 2024 WL 1932635, at *3 (D. Conn. May 2, 2024). Further, as Defendants argued in their Opposition to Plaintiffs' motion, in determining whether interlocutory appeal is appropriated here, the Second Circuit must consider Plaintiffs' **factual** allegation that they "were required to form corporate entities" and other facts set forth in their motion and in this Court's analysis (*see Silva*, 2024 WL 1932635, at *5), to resolve the FAA Section 1 "contracts of employment" issue. (*See* ECF 38, Defs.' Opp'n 38 & n. 24.)

With respect to Plaintiffs' second point, when considering whether there was a "substantial ground for difference of opinion," the *Jackson* Court's confidence in its decision in denying the motion for reconsideration (*see Jackson*, 2024 WL 3378036, at *3), yielded to a clear **intra-Circuit** split in authority on the viability of the "time value of money" theory of harm (*see id*. at *4 ("Although the Court remains of the view that standing under Section 195 requires a showing of concrete downstream consequences, the Court recognizes that there exists a substantial ground for

difference of opinion on this issue."). Indeed, the Court acknowledged 10 Southern District of New York decisions concurring with its view and four Southern District of New York decisions taking the opposite view on the issue presented.[1] Here, Plaintiffs have still failed to identify a ***single*** district court decision within the Second Circuit conflicting with this Court's ruling. Thus, the *Jackson* Court's analysis does not support granting of Plaintiffs' motion.

July 22, 2024

Respectfully submitted,

/s/ William J. Anthony
William J. Anthony (CT17865)
wanthony@littler.com

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
Telephone:   212.583.9600
Facsimile:   212.832.2719

Joshua B. Waxman (*pro hac vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006
Telephone: 202.789.3406
Facsimile:   202.478.2623
jwaxman@littler.com

Michael McIntosh (*pro hac vice*)
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone:   703.286.3118
Facsimile:   703.991.8016

*Attorneys for Defendants
Schmidt Baking Distribution, LLC and Schmidt Baking Company, Inc.*

---

[1] All of these decisions analyzed standing to bring NYLL § 195 claims in the wake of the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all counsel and pro se parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

    Zachary L. Rubin, Esq.
    SEPPINNI LAW, PLLC
    40 Broad Street
    Fl. 7
    New York, NY 10004

                                                  */s/ William J. Anthony*
                                                  William J. Anthony (CT17865)